UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEE ANN FLOWERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:18-CV-328 |
| | ) |
| WIESNETH LAW OFFICES, P.C., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, Dee Ann Flowers ("Flowers"), brings claims against Defendant, Wiesneth Law Offices, P.C. ("Defendant"), as follows:

## OVERVIEW

1.      This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA") and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendant violated the FLSA by failing to pay Flowers the minimum overtime wage required by federal and state law. Flowers pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

## PARTIES

2.      Flowers is an individual who, at all relevant times, worked in Terre Haute, Indiana. She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Flowers was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Flowers was an employee as defined by I.C. §22-2-2-3.

3.      Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29

U.S.C. §203(r).  Alternatively, Flowers's work regularly involved commerce between states.

Moreover, Defendant is an "employer" as that term is defined by the Indiana Minimum Wage

Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events

described in this Complaint.  Defendant's business is located in Terre Haute, Indiana.

4.      At all times hereinafter, Defendant has been an enterprise engaged in commerce

or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA,

29 U.S.C. §203(s)(1).

## JURISDICTION

5.      This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  The

Court has supplemental jurisdiction over Flowers's Indiana state law claims pursuant to 28

U.S.C. §1367.

## VENUE

6.      Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. §

1391 as all the events arose in Terre Haute, Indiana, and the witnesses reside in or near Terre

Haute, Indiana.

## FACTS

7.      Flowers was hired by Defendant on or about May 11, 2013.  Flowers was hired to

perform duties as a Legal Assistant.

8.      Defendant provides bankruptcy services to clients in Indiana and Southern

Illinois.

9.      Defendant paid Flowers on a salaried basis.  Defendant also docked Flowers pay

when she was not present at work regardless of the number of hours worked per week.

10.     From approximately July 2015 through April 2017, Flowers regularly worked sixty-five (65) or more hours per week.

11.     From April 2017, Flowers regularly worked between fifty (50) and sixty (60) hours per week.

12.     Defendant failed to pay Flowers at least one and one-half her regular rate for each hour she worked in excess of forty (40) hours per week.

13.     Defendant failed to investigate or otherwise take any action to determine if Flowers' position was exempt or non-exempt under federal or Indiana law.  As a result, Defendant intentionally violated Federal and Indiana law and/or was recklessly indifferent to its classification of its Legal Assistant Position.

14.     Flowers has suffered financial harm as a result of Defendant' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

15.     Flowers incorporates paragraphs 1 – 14 herein.

16.     During the relevant time period, Defendant violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

17.     Flowers was not paid at least time and one-half her regular rate for hours she worked in excess of forty (40) hours per week.

18.     Flowers was harmed by Defendant' unlawful willful and/or reckless conduct.

### COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

19.     Flowers incorporates paragraphs 1 – 18 herein.

20.     Flowers pleads her Indiana minimum wage law claims in the alternative.

21.     At all relevant times Defendant violated the Indiana Minimum Wage Law of

1965's minimum wage provisions by failing and refusing to pay Flowers at least minimum

overtime wage during her last week of work.

22.     Defendant' conduct is willful, reckless, or indifferent to Flowers's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award

her the following relief:

a.      An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum

Wage Law finding Defendant liable for unpaid back wages due to Plaintiff in addition to

liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b.      An order awarding Plaintiff unpaid wages and any applicable penalties under

Federal and Indiana law;

c.      An Order awarding Plaintiff the costs of this action;

d.      An Order awarding Plaintiff her attorney's fees;

e.      A Declaration and finding by the Court that Defendant willfully violated

provisions of the FLSA and/or Indiana law by failing to comply with the minimum overtime

wage requirements of the FLSA and Indiana law; and

f.      An Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700

4

Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff